UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

RICHARD CARL ROWE, III,

    Petitioner,

v.

WARDEN PAUL,

    Respondent.

Civil Action No. 5:23-017-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

    Richard Carl Rowe, III is a prisoner at the Federal Medical Center in Lexington, Kentucky. Proceeding without a lawyer, Rowe filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he claims that the Federal Bureau of Prisons (BOP) is improperly calculating his release date. [R. 1]. This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Ultimately, the Court will deny Rowe's petition without prejudice because it is plainly apparent from the face of his submission that he has not yet fully exhausted his administrative remedies, as required. *See Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006).

    Under the law, there is a multi-tiered administrative grievance process within the BOP. If a matter cannot be resolved informally via a so-called BP-8 Form, the prisoner must file a BP-9 Administrative Remedy Request Form with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to

respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18.

Here, it is plainly apparent that Rowe has not yet fully exhausted his administrative remedies. After all, Rowe makes it clear that he only completed the BP-10 process very recently, having received a rejection letter from the Mid-Atlantic Regional Office on January 6, 2023 [*see* R. 1 at 2; R. 1-2 at 1], just two weeks before he completed and signed his petition [*see* R. 1 at 2]. To be sure, Rowe strongly objects to the Mid-Atlantic Regional Office's rejection letter, claiming that it incorrectly determined that he did not first file a BP-9 Form with the Warden. [*See id.*]. But, again, if Rowe is not satisfied with the Regional Office's response, his next step is to use a BP-11 Form and appeal that office's decision to the BOP's General Counsel, who then has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. Here, Rowe acknowledges that he did not complete that BP-11 step before filing his habeas petition with this Court. In this situation, where a petitioner's failure to exhaust is apparent from the face of the pleading itself, sua sponte dismissal is appropriate. *See Kenney v. Ormond*, No. 17-5889 (6th Cir. May 7, 2018) (affirming this Court's decision denying a § 2241 petition for failure to exhaust).

Accordingly, it is **ORDERED** that:

1. Rowe's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED** without prejudice. This means that Rowe may file a new habeas petition regarding the matter raised once he has *fully* exhausted his administrative remedies (i.e., through the BP-11 step).

2. Any and all pending motions are **DENIED** as moot.

3. This action is **STRICKEN** from the Court's docket.

4.  The Court will enter a corresponding Judgment.

This 31st day of January, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY